# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DANIEL BRYANT YAZZIE,

   Plaintiff,

v.                No. CIV 10-0666 JB/CEG

UNITED STATES OF AMERICA,
RUMALDO ARMIJO, LAURA FASHING,
UNITED STATES MARSHAL OFFICER,
NEW MEXICO OFFICER,

   Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Daniel Yazzie's Civil Rights Complaint, filed July 15, 2010 (Doc. 1), and Amended Complaint, filed August 16, 2010 (Doc. 4) (together, the "Complaint"). Plaintiff Daniel Bryant Yazzie is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, the Court will dismiss Yazzie's Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the plaintiff's pro se Complaint, the Court applies the same legal standards applicable

to pleadings that counsel drafts, but liberally construes the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In a criminal proceeding in this Court, a jury found Yazzie, who is Native American, guilty of sex crimes against a child in Indian Country.  The Court entered judgment against him.  See United States v. Yazzie, No. CR 02-0785 BB (D.N.M. Oct. 3, 2003).  In 2010, Yazzie filed his Complaint, and this case was assigned to Judge Browning.  Yazzie alleges in his Complaint that he was charged, forcibly arrested, and transported from Indian country in Crownpoint, New Mexico, to federal custody, all without benefit of an extradition hearing.  He contends that these actions were in violation of treaty agreements, see 18 U.S.C. § 3182, and 25 C.F.R. § 11.318, depriving him of constitutional guarantees of due process and equal protection.  The Complaint seeks damages and prospective injunctive relief.

The Court notes that the Plaintiff's First Amended Complaint invokes Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), as its jurisdictional basis for constitutional claims against federal officials.  See, e.g., Tripati v. U.S. Immigration and Naturalization Serv., 784 F.2d 345, 346 n.1 (10th Cir. 1986).  Even though the Complaint improperly names the United States, *inter alia,* as a Defendant, see Carter v. United States, 389 F. App'x 809, 813 (10th Cir. 2010)("The United States and its agencies are not subject to suit under *Bivens.*" (citing Dahn v. United States, 127 F.3d 1249, 1254 (10th Cir. 1997)), "in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are," Trackwell v. U.S. Government, 472 F.3d 1242, 1243-44 (10th Cir. 2007).  The Court construes Yazzie's Complaint as initiating a Bivens action, in part against unidentified Defendants.

The question that the Complaint raises is whether the allegation that federal officials, by arresting, charging, and convicting a Native American under 18 U.S.C. § 1153 -- without benefit of an extradition hearing -- states a claim for violation of the accused defendant's federal rights.  "The first inquiry . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.' "  Baker v. McCollan, 443 U.S. 137, 140 (1979)(§ 1983 action).  The answer is in the negative, as the United States Court of Appeals for the Eighth Circuit has summarily stated:

> "[Plaintiff] raises pro se that he was deprived of his equal protection and Sixth Amendment rights because the United States government removed him from the Reservation without first notifying the tribal government so that extradition could take place.  Under the Major Crimes Act (MCA), any Indian who commits one of the enumerated offenses "shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."  [Plaintiff] (an Indian) committed aggravated sexual abuse (an enumerated offense) against the person of another Indian or other person within Indian country.  Because his crimes fall within the MCA, the United States has exclusive jurisdiction."

United States v. Jones, 440 F.3d 927, 929 (8th Cir. 2006)(citations omitted)(rejecting extradition claim and affirming criminal conviction).  When Yazzie was charged under 18 U.S.C. § 1153, he was "subject to the same laws and penalties as all other persons committing any [enumerated] offenses," id., and thus he was not entitled to an extradition hearing.  Yazzie's allegations do not state a claim for a constitutional violation, and the Court will dismiss the Complaint.

**IT IS ORDERED** that the Plaintiff's Civil Rights Complaint, filed July 15, 2010 (Doc. 1) and Amended Complaint, filed August 16, 2010 (Doc. 4) are dismissed with prejudice, pending motions are denied as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Daniel Bryant Yazzie
Federal Correctional Complex -- Medium
Forrest City, Arkansas

  *Plaintiff pro se*